BLD-123                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4017
_____

ANDRE LAMONT CROMWELL, Appellant

v.

MICHAEL MANFREDI, Officer of South Strabane Police Department, South Strabane
Township, Washington, PA; CARL MARTIN, Officer of City of Washington Police
Department, Washington County, PA; JOHN C. PETTIT, former Washington County
District Attorney, Washington, PA; PATRICK LEARY, State Police Officer of
Washington County PA State Police Barracks, Washington, PA;
KENNETH WESTCOTT, Then Mayor of City of Washington, Pennsylvania;
CITY OF WASHINGTON PENNSYLVANIA;
STATE POLICE DEPARTMENT OF WASHINGTON COUNTY PENNSYLVANIA;
CITY OF WASHINGTON POLICE DEPARTMENT, Washington County, Pennsylvania
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:08-cv-01048)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 25, 2011

Before:  SLOVITER, JORDAN AND GREENAWAY, JR., Circuit Judges

(Opinion filed: March 11, 2011)
_____

OPINION
_____

PER CURIAM

Andre Cromwell, proceeding pro se, appeals from the District Court's September 30, 2010 order dismissing his second amended complaint with prejudice. For the reasons that follow, we will summarily affirm.

I.

Because we write for the parties, who are familiar with the background of this case, we only briefly discuss that background here. In July 2008, Cromwell commenced this civil rights action by filing a complaint in the District Court pursuant to 42 U.S.C. § 1983. He later filed an amended complaint in October 2008. The amended complaint, which named 12 defendants and sought $200 million in damages, centered around a November 8, 2006 incident involving Cromwell and two police officers — Defendants Michael Manfredi and Carl Martin. Cromwell alleged that the two officers used excessive force against him on that day, and that he was later maliciously prosecuted for his conduct during the incident. He also alleged that several of the defendants had conspired against him, and that the municipalities and police departments named as defendants had failed to train their officers.

Several defendants ultimately moved to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). In August 2009, the Magistrate Judge issued a report recommending that the District Court grant the various motions to dismiss and dismiss all claims against all Defendants. In doing so, the Magistrate Judge concluded that Cromwell's excessive force claims lacked merit because (1) his allegations failed to show

2

that he had been seized under the Fourth Amendment, and (2) even if those allegations did reflect a seizure, the officers were entitled to qualified immunity. The Magistrate Judge also concluded that Cromwell's malicious prosecution claims failed because the criminal proceedings brought against him for his conduct on November 8, 2006, had not ended in his favor.[1] Finally, the Magistrate Judge concluded that because Cromwell's underlying constitutional claims lacked merit, his related conspiracy and failure to train arguments necessarily failed as well. On September 17, 2009, the District Court adopted the Magistrate Judge's report and dismissed the complaint without prejudice to Cromwell's "right to file an amended complaint . . . to include factual allegations sufficient to state claims." (Dist. Ct. Order of Sept. 17, 2009, at 5.)

In January 2010, Cromwell filed his second amended complaint, naming fewer defendants than he did in his previous complaint. A subset of those defendants subsequently moved to dismiss pursuant to Rule 12(b)(6). In September 2010, the Magistrate Judge issued a report recommending that the District Court grant the motions and dismiss the case. In support of this recommendation, the Magistrate Judge stated that "the second amended complaint does not state any new facts so as to take [it] outside of the reasoning of the prior Report," (Magistrate Judge's Report entered on Sept. 7, 2010, at 7), and that any further amendment of the pleadings would be futile. On September 30, 2010, the District Court adopted the Magistrate Judge's report and dismissed

---

[1] In December 2007, pursuant to an agreement with the Commonwealth, Cromwell pleaded guilty to two counts of recklessly endangering another person. As part

Cromwell's second amended complaint with prejudice. Cromwell now appeals from this most recent order.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise de novo review over the District Court's dismissal of Cromwell's case for failure to state a claim. See Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). In conducting this review, "we accept as true all well-pled factual allegations in the [plaintiff's pleading] and all reasonable inferences that can be drawn from them, and we affirm the order of dismissal only if the pleading does not plausibly suggest an entitlement to relief." See Fellner v. Tri-Union Seafoods, L.L.C., 539 F.3d 237, 242 (3d Cir. 2008).

Having reviewed the record and considered Cromwell's arguments in support of his appeal, and for substantially the reasons set forth in the Magistrate Judge's two thorough and well-reasoned reports — both of which the District Court adopted — we agree with the District Court's decision to dismiss Cromwell's case with prejudice. Because this appeal does not present a substantial question, we will summarily affirm the District Court's September 30, 2010 order. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. Cromwell's motion for appointment of counsel is denied.

---

of the agreement, the multiple aggravated assault charges against him were dropped.